**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ALCORN COMMUNICATIONS LLC, | : |
| Plaintiff, | : |
| v. | : Civil Case No. _____ |
| BUSINESS WIRE, INC. | : **JURY TRIAL DEMANDED** |
| Defendant. | : |

**COMPLAINT**

Plaintiff Alcorn Communications LLC ("Plaintiff"), for its Complaint against Defendant Business Wire, Inc. ("Defendant"), hereby alleges as follows:

**PARTIES**

1. Plaintiff is a Delaware limited liability company.

2. Upon information and belief, Defendant is a Delaware corporation having a principal place of business at 44 Montgomery Street, 39th Floor, San Francisco, CA 94104. Upon information and belief, Defendant may be served with process through its registered agent, The Corporation Trust Company, at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

**NATURE OF THE ACTION**

3. This is a civil action for the infringement of United States Patent No. 6,289,350 (the "'350 Patent") and United States Patent No. 6,363,390 (the "'390 Patent") (collectively, the "Patents-In-Suit") under the Patent Laws of the United States, 35 U.S.C. § 1 et seq.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Patent Laws of the United States, 35 U.S.C. § 271 *et seq.*

5. This Court has personal jurisdiction over Defendant because it is incorporated in Delaware and has purposely availed itself of the privileges and benefits of the laws of the State of Delaware.

6. Upon information and belief, more specifically, Defendant, directly and/or through authorized intermediaries, ships, distributes, offers for sale, sells, and/or advertises (including the provision of an interactive web page) its products and services in the United States and the State of Delaware. Upon information and belief, Defendant has committed patent infringement in the State of Delaware. Defendant solicits customers in the State of Delaware. Defendant has many paying customers who are residents of the State of Delaware and who each use Defendant's products and services in the State of Delaware.

7. Venue is proper in this judicial district as to Defendant pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## THE PATENTS-IN SUIT

8. Paragraphs 1-7 are incorporated by reference as if fully set forth herein.

9. On September 11, 2001, the '350 Patent entitled "System and Method For Structured News Release Generation and Distribution" was duly and lawfully issued by the United States Patent and Trademark Office ("PTO"). The '350 Patent is attached hereto as Exhibit A.

10. On March 26, 2002, the '390 Patent entitled "System and Method For Structured News Release Generation and Distribution" was duly and lawfully issued by the PTO. The '390 Patent is attached hereto as Exhibit B.

11. Plaintiff is the exclusive licensee of the Patents-In-Suit and possesses all rights of recovery under the Patents-In-Suit, including the right to sue and recover all damages for infringement thereof, including past infringement.

## COUNT I – PATENT INFRINGEMENT

12. Paragraphs 1-11 are incorporated by reference as if fully restated herein.

13. Upon information and belief and in violation of 35 U.S.C. § 271(a), Defendant has infringed and continues to infringe at least one or more claims of the '350 Patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, a method for structured generation of a news release ("NX Network"), as described via Defendant's website http://www.businesswire.com.

14. For purposes of the '350 patent, Defendant's NX Network service receives specified content of each of a plurality of pre-determined sections of the news release, the predetermined sections and their ordering determining in part a desired format for the news release. Customers upload information to the NX Network service regarding specified sections such as Header, Summary, Body, Contact, and the like. Once the customer has uploaded their content, experienced editorial professionals format the content into a press release. The NX Network service stores, in a digital storage medium, the content specified for each of the sections. That is, the NX Network stores the received content in a digital storage medium, such as a datastore (e.g., database). The NX Network service then assembles the news release by

retrieving from the storage medium each of the stored sections in a manner consistent with the desired format.  The NX Network system provides, to a promoter of the news release, feedback information that is responsive to the news release. That is, in response to distributing a news release, a NewsTrack Reports system provides feedback provides viewership information, traffic and search data, sharing information and other key numbers.

15. Upon information and belief and in violation of 35 U.S.C. § 271(a), Defendant has infringed and continues to infringe at least Claim 45, 46 and 47 of the '390 Patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, its NX Network which is a method for structured generation of a news release, as described via their website http://www.businesswire.com.

16. With respect to Claim 45, Defendant's NX Network service receives specified content of each of a plurality of pre-determined sections of the news release, the predetermined sections and their ordering determining in part a desired format for the news release.  The NX Network service allows users to upload information for specified sections such as Header, Summary, Body, Contact, and the like.  The NX Network service stores, in a digital storage medium, the content specified for each of the sections. That is, the webserver with which the customer's computing device is communicating, stores the uploaded content in a digital storage medium, such as a datastore (e.g., database). The NX Network service then assembles the news release by retrieving from the storage medium each of the stored sections in a manner consistent with the desired format. Finally, the NX Network system then distributes the press release to journalists, bloggers, and key influencers.

17. With respect to Claims 46 and 47, the NX Network service is stated to allow customers to enhance their news visibility by including a video, photo or other multimedia.

18. To the extent such notice may be required, Defendant received actual notice of its infringement of the Patents-In-Suit at least as early as the filing of the original complaint in this action, pursuant to 35 U.S.C. § 287(a).

19. Defendant's aforesaid activities have been, intentional, without authority and/or license from Plaintiff.

20. Plaintiff is entitled to recover from the Defendant the damages sustained by Plaintiff as a result of the Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

21. Defendant's infringement of Plaintiff's exclusive rights under the Patents-In-Suit will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Alcorn Communications LLC respectfully requests that this Court enter judgment against Defendant Business Wire, Inc. as follows:

A. An adjudication that Defendant has infringed the Patents-In-Suit;

B. An award of damages to be paid by Defendant adequate to compensate Plaintiff for its past infringement and any continuing or future infringement up until the date such judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate

Plaintiff for Defendant's infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

C. A declaration that this case is exceptional under 35 U.S.C. § 285;

D. An award to Plaintiff of its attorney fees, costs, and expenses incurred in prosecuting this action; and

E. An award to Plaintiff of such further relief at law or in equity as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all claims and issues so triable.

Dated: May 1, 2013

STAMOULIS & WEINBLATT LLC

*/s/ Stamatios Stamoulis*
Stamatios Stamoulis #4606
    stamoulis@swdelaw.com
Richard C. Weinblatt #5080
    weinblatt@swdelaw.com
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone: (302) 999-1540

*Counsel for Plaintiff*
*Alcorn Communications LLC*